IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JASON CORLEY and ZACHARY LONG; | § § § | |
| *Plaintiffs,* | § § | Civil Action No. 5:25-cv-86 |
| v. | § § | |
| UNITED STATES DEPARTMENT OF THE TREASURY; SCOTT BESSENT, in his official capacity as Secretary of the Treasury; FINANCIAL CRIMES ENFORCEMENT NETWORK; ANDREA GACKI, in her official capacity as Director of FinCEN; and the UNITED STATES OF AMERICA; | § § § § § § § § § § | |
| *Defendants.* | § § § | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs Jason Corley and Zachary Long ("Plaintiffs") seek relief from this Court against Defendants the United States Department of the Treasury (the "Treasury"), Scott Bessent in his official capacity as Secretary of the Treasury, the Financial Crimes Enforcement Network ("FinCEN"), Andrea Gacki in her official capacity as Director of FinCEN, and the United States of America (collectively, "Defendants").

1

This lawsuit challenges the Federal Government's ability to regulate the intrastate, non-commercial transfer of residential real estate to state-created corporate entities and trusts.

Like countless other Americans, Plaintiff Jason Corley seeks to make beneficial use of his property. He intends to do so in part by transferring his real property into a corporate entity formed under the laws of the State of Texas. Plaintiff Zachary Long is in the business of facilitating such intrastate transfers and regularly helps numerous property owners in the area do so.

In August 2024, FinCEN promulgated *Anti-Money Laundering Regulations for Residential Real Estate Transfers*, 89 Fed. Reg. 70,258 (Aug. 29, 2024) (the "Rule"). The Rule requires disclosure of sensitive information to FinCEN upon certain non-financed transfers of residential real estate into corporate entities or trusts—regardless of whether the transfer occurs in interstate commerce or in any commercial capacity at all. Under the Rule, a "reporting person," the individual facilitating the transfer, must file a report with these disclosures or face imprisonment for up to five years and a fine of up to $250,000. *See* 31 U.S.C. §§ 5321(a)(1), 5321(a)(6), 5321(d), 5322(a).

But the Federal Government has no authority to regulate this sort of intrastate, non-economic activity. It certainly does not have the lawful authority to force citizens to disclose private information simply because they choose to transfer their own residential property into a state-created corporate form.

2

Plaintiffs therefore seek relief from this Court to prevent this impending irreparable injury to their constitutional rights.

## PARTIES

1. Plaintiff Jason Corley is the owner of residential real estate in Lubbock County, Texas.

2. Plaintiff Zachary Long is an attorney in the business of providing real estate closing and settlement services in Lubbock County, Texas.

3. Defendant United States Department of the Treasury is an agency of the United States headquartered in Washington, D.C.

4. The Treasury is responsible for the administration and enforcement of the Rule, through FinCEN.

5. Defendant Scott Bessent is the Secretary of the Treasury and is responsible for enforcing the Rule, through FinCEN.  He is sued in his official capacity.

6. Defendant Financial Crimes Enforcement Network is an agency of the United States headquartered in Washington, D.C.

7. FinCEN is responsible for the administration and enforcement of the Rule.

8. Defendant Andrea Gacki is Director of FinCEN and is responsible for enforcing the Rule.  She is sued in her official capacity.

9. Defendant United States of America is a government entity.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the United States Constitution; 28 U.S.C.

§ 1346(a)(2) because this suit constitutes a civil action against the United States; and 5 U.S.C. § 701, *et seq.* because this matter involves questions arising under the Administrative Procedure Act.

11. This Court has authority to grant declaratory relief under 28 U.S.C. § 2201 and preliminary and permanent injunctive relief under 28 U.S.C. § 2202. This Court also has authority to stay or vacate agency rules under 5 U.S.C. §§ 705, 706.

12. Venue is proper within this judicial district pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1391(b)(2) because the property that is the subject of the action is situated in this judicial district. Venue is proper in the Lubbock Division of the Northern District of Texas pursuant to 28 U.S.C. § 124(a)(7).

## FACTS

### I. THE STATUTORY BASIS FOR THE RULE

13. Congress passed the Bank Secrecy Act (the "BSA") to "establish appropriate frameworks for information sharing among . . . law enforcement authorities to identify, stop, and apprehend money launderers and those who finance terrorists." 31 U.S.C. § 5311(5).

14. The BSA, as amended by the Anti-Drug Abuse Act of 1988, requires "financial institutions" to establish programs to prevent money laundering and the financing of terrorism. 31 U.S.C. § 5318(h)(1).

15. The BSA defines "financial institutions" as including "persons involved in real estate closings and settlements." *Id.* at § 5312(a)(2)(U).

16. A provision added by the Anti-Money Laundering Act of 2020 empowers the Secretary of the Treasury to "establish . . . processes to, as appropriate, permit the

filing of noncomplex categories of reports of suspicious activity," and grants the Secretary the authority to "require a class of domestic financial institutions . . . to maintain appropriate procedures, including the collection and reporting of certain information as the Secretary of the Treasury may prescribe by regulation, to . . . guard against money laundering, the financing of terrorism, or other forms of illicit finance." *Id.* at § 5318(a)(2).

17. The BSA then authorizes the Secretary of the Treasury to require financial institutions to report any suspicious transactions relevant to a possible violation of law or regulation, *id.* at § 5318(g) and gives the Secretary the flexibility to consider "the means by or form in which the Secretary shall receive such reporting," *id.* at § 5318(g)(5)(B)(iii).

18. The law permits the Secretary of the Treasury to "delegate duties and powers under this subchapter [31 USCS §§ 5315 et seq.] to an appropriate supervising agency." *Id.* at § 5318(a)(1).

19. The Secretary of the Treasury delegated this power to FinCEN. *See* Treas. Order No. 180–01(3)(a) (2014).

20. The negligent violation of a regulation passed under the subchapter of the BSA described above can provoke a civil penalty of up to $500. *Id.* at § 5321(a)(6).

21. The willful violation of a regulation under this subchapter can result in civil liability to the United States Government in the amount of up to $100,000. *Id.* at § 5321(a)(1).

22. The willful violation of such regulation can also constitute a crime subject to fines of up to $250,000, imprisonment for up to five years, or both. *Id.* at § 5322.

23. For these regulatory violations, criminal penalties are not exclusive of civil liability. *Id.* at § 5321(d).

## II. THE REAL ESTATE REPORTING RULE

24. On August 29, 2024, FinCEN promulgated *Anti-Money Laundering Regulations for Residential Real Estate Transfers*, 89 Fed. Reg. 70,258 (Aug. 29, 2024) (codified at 31 C.F.R. § 1031.320) (the "Rule").

25. FinCEN promulgated the Rule because it believed that certain transfers of real property "heighten the risk" of "domestic threats, such as persons engaged in fraud or organized crime, and foreign threats, such as international drug cartels, human traffickers, and corrupt political business figures." *Id.* at 70,259.

26. Beginning on December 1, 2025, the Rule will require a report to be filed with FinCEN containing information about certain residential real property transfers, namely, non-financed transfers of residential real property into legal entities and trusts. 89 Fed. Reg. 70,258; 31 C.F.R. § 1031.320.

27. The Rule constitutes final agency action because it is a final, binding rule formally promulgated by FinCEN, an executive agency exercising the authority of the Government of the United States. *See id.* at 70,258; 5 U.S.C. §§ 704, 551. The Rule marks the consummation of the agency's decision-making process and legal obligations flow from it.

28. Coverage under the Rule, or under the statutory reporting provisions, does not turn on whether a transaction has any connection to interstate commerce.

29. Under the Rule, residential real property is defined as "[r]eal property located in the United States containing a structure designed principally for occupancy by one to four families," or land on which such a structure is intended to be built. 31 C.F.R. § 1031.320(b)(1).

30. The Rule obligates a "reporting person" to file the required report with FinCEN either by 30 days after the transfer or by the last day of the month following the transfer, whichever is later. *Id.* at § 1031.320(a), (k)(3).

31. The Rule determines the reporting person by selecting the highest available from a "cascade" of persons involved in "real estate closing and settlement services," such as the "person listed as the closing or settlement agent" or the "person that prepares the closing or settlement statement for the transfer." *Id.* at § 1031.320(c).

32. The Rule does not exempt attorneys from being reporting persons. *See* 89 Fed. Reg. at 70,262–63.

33. The Rule requires the reporting person to file a report with FinCEN that includes information about the transferor, the transferee entity, the beneficial owners and trustees of the transferee entity, the reporting person, the residential real property being transferred, and related payments and financing. *Id.* at § 1031.320(a), (d)–(i). This information includes business and personal addresses, business and personal names, corporate and individual taxpayer identification numbers, citizenship, birthdates, dates of corporate formation and trust execution, whether the given trust is revocable, the closing date, the sale amount if the transfer is a sale, any other consideration, and whether the transfer is financed. *Id.*

34. The Rule does not contain a jurisdictional element that limits its scope to individuals engaged in interstate or foreign commerce or suspected of crimes.

35. Rather, the Rule is triggered solely by an individual's decision to transfer residential real property into a state-created corporate entity or trust.

36. Nor is the Rule related to taxation, foreign affairs, or any other power of Congress.

37. Negligent failure to comply with the Rule can provoke a civil penalty of up to $500. *See* 31 U.S.C. § 5321(a)(6).

38. Willful failure to comply with the Rule can result in civil liability to the United States Government in the amount of up to $100,000. *See id.* at § 5321(a)(1).

39. Willful failure to comply with the Rule can also constitute a crime subject to fines of up to $250,000, imprisonment for up to five years, or both. *See id.* at § 5322.

40. If a reporting person violates the Rule, criminal penalties will not be exclusive of civil liability. *See id.* at § 5321(d).

### III.  PLAINTIFFS' INJURIES

41. Plaintiff Zachary Long is a real estate and estate planning attorney in Lubbock, Texas.

42. In his professional capacity, he provides real estate closing and settlement services and frequently facilitates the transfer of residential real property.

43. Many of his clients use his services to transfer residential real estate into corporate entities or trusts.

44. During the course of his provision of these services, he often prepares and is listed as the closing or settlement agent on closing and settlement statements, and files deeds and similar instruments with the local recordation office.

45. He will be engaged in these same professional activities after December 1, 2025.

46. Under the Rule, Mr. Long is a "reporting person."

47. Under the Rule, Mr. Long will be required to file a report with FinCEN every time he provides his services for a client engaging in a reportable transfer.

48. Mr. Long will be required to expend resources in preparing these reports and will be required to expend time and money in order to maintain the accuracy of the information as is required under the Rule.

49. If Mr. Long does not file the report within 30 days of a given transfer, or before the last day of the month following a given transfer, he will be subject to fines of up to $250,000, prison time of up to five years, or both. *See id.* at §§ 5321(a)(1), (a)(6), (d), 5322.

50. Plaintiff Jason Corley is outright owner of residential property at 420 S. 2nd Street in Slaton, Texas (the "property").

51. Under the Rule, the property is residential real property: it contains a structure designed principally for occupancy by one to four families.

52. Mr. Corley wishes to transfer this property into a corporate entity, formed under the laws of the State of Texas, of which he is the beneficial owner.

9

53. Under the Rule, Mr. Corley will be required to disclose through a "reporting person" sensitive, personally identifiable information to FinCEN about himself as an individual, about his corporate entity, and about his residential property at 420 S. 2nd Street in Slaton, Texas.

54. He does not wish to disclose to the Federal Government this sensitive, personal information.

55. Mr. Corley will be required to expend resources in disclosing this information to a reporting person and to FinCEN.

## COUNT I

### THE RULE EXCEEDS THE LIMITS OF ARTICLE I, SECTION 8 OF THE UNITED STATES CONSTITUTION.

56. Plaintiffs incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

57. It is axiomatic that "[t]he Constitution creates a Federal Government of enumerated powers." *United States v. Lopez*, 514 U.S. 549, 552 (1995).

58. Any "powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.

59. There are seventeen specific powers enumerated in Article I, Section 8 of the Constitution. One such power resides in the Commerce Clause, which grants Congress authority "[t]o regulate Commerce . . . among the several States." U.S. Const. art. I, § 8, cl. 3.

60. In addition, the Necessary and Proper Clause grants Congress authority to "make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof." U.S. Const. art. I, § 8, cl. 18.

61. The power to regulate the intrastate, non-financed transfer of real property is not among those delegated to the national government.

62. Defendants claim that the Rule is justified under the Commerce Clause as a means to regulate interstate and foreign money laundering.

63. But the Rule cannot be justified under the Commerce Clause, even when supplemented by the Necessary and Proper Clause.

64. Residential real property is neither a channel nor an instrumentality of interstate commerce. Nor does the transfer of real property *per se* substantially affect interstate commerce. Indeed, it is inherently local.

65. At most, the Rule alleges that criminals *could* use residential real property to facilitate the interstate crime of money laundering.

66. But virtually anything could be used to facilitate interstate crime. That sort of tenuous connection is not sufficient to trigger federal authority.

67. This is particularly true when the regulated activity is one that has been traditionally reserved to the domain of state governments.

68. All other claims of authority under Article I, Section 8 also fail.

69. The Rule is therefore unlawful.

## COUNT II

### THE RULE VIOLATES THE ADMINISTRATIVE PROCEDURE ACT.

70. Plaintiffs incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

71. Under the Administrative Procedure Act, an agency action is invalid if it is "contrary to constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(B).

72. An agency action that exercises authority beyond Congress's enumerated powers is contrary to a constitutional right, power, privilege, or immunity.

73. The Rule constitutes final agency action.

74. As explained above, the Rule exceeds federal authority under Article I, Section 8 of the U.S. Constitution.

75. The Rule therefore violates 5 U.S.C. § 706 of the Administrative Procedure Act because it neither implicates the exercise of any enumerated power nor is it necessary and proper to such an exercise.

### INJUNCTIVE RELIEF ALLEGATIONS

76. Plaintiffs incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

77. Plaintiffs allege that both on its face and as applied, the Rule violates Plaintiffs' constitutional rights.

78. If an injunction does not issue enjoining Defendants from enforcing the Rule and the Bank Secrecy Act or Anti-Money Laundering Act in accordance with the Rule, Plaintiffs will be irreparably harmed.

79. Plaintiffs have no plain, speedy, and adequate remedy at law to prevent the Defendants from enforcing the Rule and the Bank Secrecy Act or Anti-Money Laundering Act in accordance with the Rule.

80. If not enjoined by this Court, Defendants will continue to enforce the Rule in derogation of Plaintiffs' rights.

81. Accordingly, injunctive relief is appropriate.

## DECLARATORY RELIEF ALLEGATIONS

82. Plaintiffs incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

83. An actual and substantial controversy exists between Plaintiffs and Defendants as to their legal rights and duties with respect to whether the Rule violates the United States Constitution.

84. This case is presently justiciable because the Rule applies to Plaintiffs on its face and Plaintiffs are subject to disclosure requirements.

85. Declaratory relief is therefore appropriate to resolve this controversy.

## PRAYER FOR RELIEF

Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, it is appropriate and proper that a declaratory judgment be issued by this Court, declaring the Rule unconstitutional.

Furthermore, pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. P. 65, it is appropriate and hereby requested that the Court issue preliminary and permanent

injunctions prohibiting Defendants from enforcing the Rule, and from enforcing the Bank Secrecy Act or Anti-Money Laundering Act in accordance with the Rule.

WHEREFORE, Plaintiff prays for judgment against Defendants and that the Court:

(1)   declare that the *Anti-Money Laundering Regulations for Residential Real Estate Transfers* Rule is unconstitutional on its face because it is unsupported by any power granted to any branch of the Federal Government by the United States Constitution;

(2)   hold unlawful and set aside the Rule as invalid under the Administrative Procedure Act, 5 U.S.C. § 706, because it is inconsistent with constitutional right, power, privilege, or immunity and not in accordance with law;

(3)   postpone the Rule's effective date and issue all necessary and appropriate process to preserve the Plaintiffs' status and rights pending judicial review, pursuant to 5 U.S.C. § 705;

(4)   issue a preliminary injunction against the Defendants, as well as against all agents, administrators, employees, or other persons acting on behalf of the Defendants, from enforcing the Bank Secrecy Act or Anti-Money Laundering Act in accordance with the Rule against the Plaintiffs;

(5)   award Plaintiffs their costs and expenses incurred in bringing this action, including, but not limited to, reasonable attorney fees pursuant to 28 U.S.C. § 2412; and

(6)   grant such other and further relief as the Court deems equitable, just,

and proper.

Dated: April 17, 2025                                        Respectfully submitted,

*/s/ Clayton Way Calvin*
ROBERT HENNEKE
Texas Bar. No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
Texas Bar. No. 24076767
cweldon@texaspolicy.com
MATTHEW MILLER
Texas Bar. No. 24046444
mmiller@texaspolicy.com
CLAYTON WAY CALVIN
Texas Bar No. 24132780
ccalvin@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:   (512) 472-2700
Facsimile:   (512) 472-2728