# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# LUBBOCK DIVISION

**FILED**
**September 19, 2025**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

JASON CORLEY and ZACHARY LONG,

    Plaintiffs,

v.

UNITED STATES DEPARTMENT OF THE TREASURY; SCOTT BESSENT, in his official capacity as Secretary of the Treasury; FINANCIAL CRIMES ENFORCEMENT NETWORK; ANDREA GACKI, in her official capacity as Director of FinCEN; and the UNITED STATES OF AMERICA,

    Defendants.

Case No. 5:25-cv-00086-H

**BRIEF OF AMICUS CURIAE PUERTO RICO PRIVACY ASSOCIATION IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Andrew M. Buttaro
Texas Bar No. 24092207
andrew.buttaro@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, Massachusetts 02110-1726
Tel.: (617) 341-7700
Fax: (617) 341-7701

*Counsel for Amicus Curiae Puerto Rico Privacy Association*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ..................................................................................................................i
TABLE OF AUTHORITIES ......................................................................................................... ii
L.R. 7.2(b) STATEMENT OF INTEREST OF AMICUS CURIAE ........................................... 1
INTRODUCTION ........................................................................................................................ 2
ARGUMENT ................................................................................................................................ 2
    I.    The Court should vacate or stay the Rule under the APA, and that relief would extend to non-parties to this action. ............................................................ 2
    II.   The government has failed to show that the Court should depart from the APA's default presumption of universal vacatur or stay. ...................................... 5
CONCLUSION ............................................................................................................................. 7
CERTIFICATE OF SERVICE ..................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Am. Great Lakes Ports Ass'n v. Schultz*,
   962 F.3d 510 (D.C. Cir. 2020) ...................................................................................................2

*American Ass'n of Physics Teachers, Inc., v. Nat'l Science Foundation*,
   No. 25-CV-1923 (JMC), 2025 WL 2615054 (D.D.C. Sept. 10, 2025) .....................................5

*Ayotte v. Planned Parenthood of N. New England*,
   546 U.S. 320 (2006) ..................................................................................................................6

*Bennett v. Spear*,
   520 U.S. 154 (1997) ..................................................................................................................3

*Cabrera v. U.S. Dep't of Lab.*,
   2025 WL 2092026 (D.D.C. July 25, 2025) ...........................................................................2, 4

*California v. Bernhardt*,
   472 F. Supp. 3d 573 (N.D. Cal. 2020) ......................................................................................6

*Career Colleges & Sch. of Texas v. United States Dep't of Educ.*,
   98 F.4th 220 (5th Cir. 2024) .....................................................................................................4

*Chamber of Commerce v. U.S. Dep't of Labor*,
   885 F.3d 360 (5th Cir. 2018) ....................................................................................................7

*City and Cty. of San Francisco v. Azar*,
   411 F. Supp. 3d 1001 (N.D. Cal. 2019) ....................................................................................6

*City of Columbus v. Kennedy*,
   No. CV 25-2114-BAH, 2025 WL 2426382 (D. Md. Aug. 22, 2025) .......................................5

*Coal. for Humane Immigrant Rights v. Noem*,
   2025 WL 2192986 (D.D.C. Aug. 1, 2025) ............................................................................3, 4

*D.C. v. U.S. Dep't of Agric.*,
   444 F. Supp. 3d 1 (D.D.C. 2020) ..............................................................................................4

*Doe v. Trump*,
   No. 25-CV-03140-JSW, 2025 WL 2430494 (N.D. Cal. Aug. 22, 2025) ..................................5

*Franciscan All., Inc. v. Azar*,
   414 F. Supp. 3d 928 (N.D. Tex. 2019) .....................................................................................7

*Griffin v. HM Florida-ORL, LLC*,
   144 S. Ct. 1 (2023) ....................................................................................................................4

*Harmon v. Thornburgh*,
 878 F.2d 484 n. 21 (D.C. Cir. 1989) ..................................................................................3

*Make the Road N.Y. v. Noem*,
 No. 25-CV-190 (JMC), 2025 WL 2576701 (D.D.C. Sept. 5, 2025) ..........................................5

*MD/DC/DE Broadcasters Ass'n v. F.C.C.*,
 236 F.3d 13 (D.C. Cir. 2001) ..................................................................................7

*Miccosukee Tribe of Indians of Fla. v. U.S. Army Corps of Eng'rs*,
 619 F.3d 1289 (11th Cir. 2010) ..................................................................................3

*Monsanto Co. v. Geertson Seed Farms*,
 561 U.S. 139 (2010) ..................................................................................5

*Nat'l Min. Ass'n v. U.S. Army Corps of Eng'rs*,
 145 F.3d 1399 (D.C. Cir. 1998) ..................................................................................3

*Nat'l TPS All. v. Noem*,
 No. 25-CV-01766-EMC, 2025 WL 2578045 (N.D. Cal. Sept. 5, 2025) ..........................................5

*Reno v. Am. C.L. Union*,
 521 U.S. 844 (1997) ..................................................................................6

*Sierra Club v. Van Antwerp*,
 526 F.3d 1353 (11th Cir. 2008) ..................................................................................3

*Trump v. CASA, Inc.*,
 145 S. Ct. 2540 (2025) ..................................................................................4, 5

*United States v. Mendoza*,
 464 U.S. 154 (1984) ..................................................................................6

*Whole Woman's Health v. Hellerstedt*,
 579 U.S. 582 (2016) ..................................................................................6

**STATUTES**

Administrative Procedure Act, 5 U.S.C. §§ 551, et seq. ......................................... *passim*

**RULES**

Local Rule 7.2 ..................................................................................1

**REGULATIONS**

31 C.F.R. ch. X ..................................................................................1

89 Fed. Reg. 70,258 (Aug. 29, 2024) ..................................................................................1, 6

**OTHER AUTHORITIES**

Mila Sohoni, *The Power to Vacate A Rule*, 88 Geo. Wash. L Rev. 1121, 1173 (2020)..................4

Ronald M. Levin, *Vacatur, Nationwide Injunctions, and the Evolving APA*, 98 Notre Dame L. Rev. 1997, 1997 (2023) ........................................................................................4

Under Local Rule 7.2, amicus curiae the Puerto Rico Privacy Association (the "Association") submits this brief in support of Plaintiffs' motion for summary judgment (ECF No. 10).

## L.R. 7.2(b) STATEMENT OF INTEREST OF AMICUS CURIAE

The Association advocates for and safeguards the privacy rights of individuals in Puerto Rico. Its mission is to coordinate legal resources and representation for its members in matters involving privacy protection against governmental or corporate compelled-disclosure regimes and other intrusions. The Association pledges to take all reasonable steps to preserve member anonymity and to keep members informed about proposed legislation in Puerto Rico that could compromise their privacy. Members include adult residents of Puerto Rico who seek to protect their privacy, including individual investors—such as those who have purchased real estate in Puerto Rico—and holders of tax-incentive decrees under Act 60 (formerly Act 22). The Association has engaged in litigation to protect its members' privacy interests, including opposing efforts to disclose the identities of beneficiaries of such initiatives.

The Association participates here as amicus curiae because one or more of its members will be injured by the new rule issued by the Financial Crimes Enforcement Network ("FinCEN"): the Anti-Money Laundering Regulations for Residential Real Estate Transfers (the "Rule"), 89 Fed. Reg. 70,258 (Aug. 29, 2024) (to be codified at 31 C.F.R. ch. X). The Association and its membership have engaged—and intend to continue to engage—in real-estate transactions that would be subject to the Rule. Yet when the Rule takes effect, the Association and its members will be forced into a quandary: whether to purchase property at the cost of disclosing beneficial ownership or to forgo such purchases to protect their privacy. This decision carries real consequences. In Puerto Rico, as elsewhere, real-estate issues and associated tax and investment

incentives have become contested political issues, placing real-estate transactions in the public eye. To protect these privacy interests, the Association submits this brief.

## INTRODUCTION

The Rule suffers from many dispositive legal defects, but here, the Association addresses the discrete of issue of the appropriate relief. In awarding relief, the Court should vacate or stay the Rule under the Administrative Procedure Act (the "APA"). 5 U.S.C. §§ 705 (stays), 706 (vacatur). Either form of relief would extend beyond the litigants in this action and protect non-parties, including the Association. The government has urged the Court to adopt a more limited remedy (e.g., an injunction enjoining the Rule only as to Plaintiffs), but that request should be denied. *See* ECF No. 17 at 22–23. "[V]acatur is the normal remedy under the APA," and there is no reason to depart from that default remedy here. *Am. Great Lakes Ports Ass'n v. Schultz*, 962 F.3d 510, 518 (D.C. Cir. 2020).

## ARGUMENT

I.  **The Court should vacate or stay the Rule under the APA, and that relief would extend to non-parties to this action.**

In moving for summary judgment, Plaintiffs requested that the Court hold that the Rule is unlawful and must be "set aside" under the APA. 5 U.S.C. § 706(2)(C). ECF No. 11 at 26. In the complaint, Plaintiffs also noted that the Court "has authority to stay or vacate agency rules under" the APA. ECF No. 1, ¶ 11; *see also id.* at 14, ¶ (3) (addressing, in prayer for relief, a stay under the APA); *see also* 5 U.S.C. § 705 (authorizing stays, providing that "the reviewing court … may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings"). Both of these remedies would apply fully to non-parties, such as the Association, because "the scope of relief under the

2

APA is not party-restricted." *Cabrera v. U.S. Dep't of Lab.*, 2025 WL 2092026, at *8 (D.D.C. July 25, 2025).

Here, however, the government has argued that if the district court were to agree with the challengers that the Rule is unlawful, then "injunctive relief, as opposed to universal vacatur, would be a more appropriate remedy." ECF No. 17 at 22–23. The government's argument for a narrower remedy should be denied for several reasons.

As a starting matter, the APA's statutory command is mandatory, not discretionary. It provides that a "reviewing court *shall* … hold unlawful and set aside agency action, findings, and conclusions found to be" improper, including because they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "contrary to constitutional right, power, privilege, or immunity." 5 U.S.C. § 706 (emphasis added); *see also Bennett v. Spear*, 520 U.S. 154, 175 (1997) (noting that "any contention that" a statutory provision was "discretionary would fly in the face of its text, which uses the imperative 'shall'"); *Miccosukee Tribe of Indians of Fla. v. U.S. Army Corps of Eng'rs*, 619 F.3d 1289, 1302 (11th Cir. 2010) (explaining that a statute's use of "shall" precludes "discretion in the matter").

In light of that mandatory statutory command, courts have rightly recognized that "vacatur of the agency action—not merely exempting plaintiffs from the agency action—is the normal remedy under APA section 706." *Coal. for Humane Immigrant Rights v. Noem*, 2025 WL 2192986, at *37 (D.D.C. Aug. 1, 2025); *Nat'l Min. Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998) (("When a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—not that their application to the individual petitioners is proscribed.") *quoting Harmon v. Thornburgh*, 878 F.2d 484, 495 n.21 (D.C. Cir. 1989)); *see also Sierra Club v. Van Antwerp*, 526 F.3d 1353, 1369 (11th Cir. 2008)

3

(Kravitch, J., concurring in part and dissenting in part) ("[V]acatur of unlawful agency action is the ordinary APA remedy").

The same default rule applies to stays under the APA, which presumptively stay an agency rule as to parties and non-parties alike. *Noem*, 2025 WL 2192986, at *37 ("Courts in this and other circuits have applied that same rule to section 705 stays."); *see also* 5 U.S.C. § 705 (providing for stays under the APA). As courts have recognized, "the scope of preliminary relief under Section 705 aligns with the scope of ultimate relief under Section 706, which is not party-restricted and allows a court to 'set aside' an unlawful agency action." *Career Colleges & Sch. of Texas v. United States Dep't of Educ.*, 98 F.4th 220, 255 (5th Cir. 2024) (collecting authorities), *cert. granted in part sub nom. Dep't of Educ. v. Career Colleges & Sch. of Texas*, 145 S. Ct. 1039 (2025).[1]

Importantly, the broad scope of APA relief was unaffected by the Supreme Court's recent decision in *Trump v. CASA, Inc.*, 145 S. Ct. 2540, 2548 (2025). There, the Supreme Court held that so-called "universal injunctions … likely exceed the equitable authority that Congress has granted to federal courts." *Id*. But the Court's opinion did not curtail relief under the APA. *Id*. at 2554 n.10 ("Nothing we say today resolves the distinct question whether the [APA] authorizes federal courts to vacate federal agency action."). Justice Kavanaugh emphasized this point, noting that, following the decision, plaintiffs still "may ask a court to preliminarily 'set aside' a new

---

[1] *See also, e.g.*, *Griffin v. HM Florida-ORL, LLC*, 144 S. Ct. 1, 1 n.1 (Mem) (2023) (Kavanaugh, J., concurring in the denial of the application for stay) (noting that the APA provides for remedies extending beyond the litigants to the case); *D.C. v. U.S. Dep't of Agric.*, 444 F. Supp. 3d 1, 48 (D.D.C. 2020) ("[T]he APA's § 705 must be read to authorize relief from agency action for any person otherwise subject to the action, not just as to plaintiffs."); Mila Sohoni, *The Power to Vacate A Rule*, 88 Geo. Wash. L Rev. 1121, 1173 (2020) ("The term 'set aside' means invalidation—and an invalid rule may not be applied to anyone.") (footnote omitted); Ronald M. Levin, *Vacatur, Nationwide Injunctions, and the Evolving APA*, 98 Notre Dame L. Rev. 1997, 1997 (2023) (stating that vacatur "serves vital functions in maintaining judicial control over agency discretion" and "is consistent with the language and legislative background of the APA").

agency rule." *See id*. at 2567 (Kavanaugh, J., concurring). Picking up on that thread, Courts have recognized that the *CASA* decision left APA remedies untouched. *Cabrera*, 2025 WL 2092026, at *8 (declining to apply *CASA*'s reasoning, concluding "that Congress did not intend to wholly incorporate traditional equitable principles when specifying the kinds of relief a court may grant under the APA").[2]

## II. The government has failed to show that the Court should depart from the APA's default presumption of universal vacatur or stay.

The government has attempted to escape the default presumption of vacatur, but its arguments do not hold up.

First, the government has suggested that an injunction tied to the parties—rather than vacatur of the Rule—would be less burdensome. *See* ECF No. 17 at 22–23. But the government's taxonomy of remedies contradicts Supreme Court guidance, which provides that "[a]n injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course," as contrasted with vacatur under the APA, which is "a less drastic remedy." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165–66 (2010).

Second, the government contends that "[u]niversal vacatur of the Rule … would trench on the review of other plaintiffs' challenges to the Rule that are pending in other courts." *See* ECF

---

[2] *See also, e.g.*, *American Ass'n of Physics Teachers, Inc., v. Nat'l Science Foundation*, No. 25-CV-1923 (JMC), 2025 WL 2615054, at *14 (D.D.C. Sept. 10, 2025) ("As the *CASA* court noted, APA relief setting aside unlawful agency action is not a universal injunction but is instead one of the core remedies employed by courts in cases challenging agency action."); *Nat'l TPS All. v. Noem*, No. 25-CV-01766-EMC, 2025 WL 2578045, at *19 (N.D. Cal. Sept. 5, 2025) (analyzing cases reflecting "a difference between injunctions and vacaturs of agency action under the APA"); *Make the Road N.Y. v. Noem*, No. 25-CV-190 (JMC), 2025 WL 2576701, at *1 (D.D.C. Sept. 5, 2025) ("*CASA* does not apply to section 705 of the APA"); *Doe v. Trump*, No. 25-CV-03140-JSW, 2025 WL 2430494, at *3 (N.D. Cal. Aug. 22, 2025) (denying government's request for injunction, holding that it was unlikely to succeed on its argument that CASA barred "universal relief" in APA action); *City of Columbus v. Kennedy*, No. CV 25-2114-BAH, 2025 WL 2426382, at *34 (D. Md. Aug. 22, 2025) ("*CASA* does not apply to APA cases.") (collecting cases).

No. 17 at 23. But general comity principles cannot supplant the APA's clear statutory command, which provides for universal vacatur. In any event, the Supreme Court has recognized the "benefit" of "permitting several courts of appeals to explore a difficult question." *United States v. Mendoza*, 464 U.S. 154, 160 (1984). Although articulated in the certiorari context, the same principle applies here.

Third, the Rule's severability provision cannot narrow the scope of relief. *See* ECF No. 17 at 24; 89 Fed. Reg. 70,277. As an overarching matter, "a severability clause is an aid merely; not an inexorable command." *Reno v. Am. C.L. Union*, 521 U.S. 844, 885 n.49 (1997). In a similar vein, a severability "clause does not permit a court to "devise a judicial remedy that ... entail[s] quintessentially legislative work." *Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320, 329 (2006). These principles apply with full force here.

Severability is not appropriate when—as with the Rule—the agency action suffers from fundamental flaws. In crafting the Rule, FinCEN "systematically ignored the basics of rulemaking and steamrolled over the APA" framework; given these "fundamental flaws, severability is not feasible." *California v. Bernhardt*, 472 F. Supp. 3d 573, 631 (N.D. Cal. 2020); *see also City and Cty. of San Francisco v. Azar*, 411 F. Supp. 3d 1001, 1024–25 (N.D. Cal. 2019) ("When a rule is so saturated with error, as here, there is no point in trying to sever the problematic provisions. The whole rule must go.").

Severability also is impractical and inapposite given the nature of the challenges here. Plaintiffs have asserted a facial constitutional challenge, precluding severability. *Cf. Whole Woman's Health v. Hellerstedt*, 579 U.S. 582, 625 (2016) ("[O]ur cases have never required us to proceed application by conceivable application when confronted with a facially unconstitutional

6

statutory provision."), *abrogated on different grounds by Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022).

Similarly, the Rule exceeds FinCEN's statutory authority, so it should be vacated in full. *Franciscan All., Inc. v. Azar*, 414 F. Supp. 3d 928, 945 (N.D. Tex. 2019) (holding that "the appropriate remedy is vacatur" because the rule conflicted "with its incorporated statute"); *see also Chamber of Commerce v. U.S. Dep't of Labor*, 885 F.3d 360, 379, 388 (5th Cir. 2018) (vacating an agency rule "in toto" because it "conflict[ed] with the plain text" of a statute). Here, too, the Rule is a "comprehensive regulatory package" that "is plainly not amenable to severance." *Id.*[3]

In short, the Rule is unlawful under the APA, and should be vacated and set aside (under 5 U.S.C. § 706) or stayed (under 5 U.S.C. § 705). Either form of relief should be applied universally, extending to affected non-parties such as the Association. The government's invitation for the Court to narrow the scope of relief should be denied as incompatible with the statutory text and longstanding APA practice.

## CONCLUSION

For these reasons, the Association respectfully requests that this Court grant Plaintiffs' motion for summary judgment and, under the APA, vacate and set aside the Rule, or alternatively, stay the Rule.

---

[3] To the extent that the Court considers the two-part test often employed in the severability context, it likewise shows that the Rule should be vacated in its entirety. "Whether the offending portion of a regulation is severable depends upon the intent of the agency and upon whether the remainder of the regulation could function sensibly without the stricken provision." *MD/DC/DE Broadcasters Ass'n v. F.C.C.*, 236 F.3d 13, 22 (D.C. Cir. 2001). Here, there is no way to strike offending provisions of the Rule and have the remainder of the Rule function sensibly. The Rule's entire scheme is procedurally and constitutionally improper, and it is not severable for the reasons discussed above.

7

September 18, 2025

Respectfully submitted,

*s/ Andrew M. Buttaro*
Andrew M. Buttaro
  Texas Bar No. 24092207
  andrew.buttaro@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, Massachusetts 02110-1726
Tel.: (617) 341-7700
Fax: (617) 341-7701

*Counsel for Amicus Curiae Puerto Rico Privacy Association*

## CERTIFICATE OF SERVICE

I certify that the service required by Fed. R. Civ. P. 5(a) has been made, as this document was filed through the Court's CM/ECF system, and filing users have been served electronically by the Court's CM/ECF system.

September 18, 2025

*s/ Andrew M. Buttaro*
Andrew M. Buttaro